The Honorable Jack Kearney, Director Arkansas Ethics Commission 2020 West Third, Suite 300 Little Rock, Arkansas
Dear Mr. Kearney:
This is in response to your request for an opinion on two questions concerning the authority of the Arkansas Ethics Commission to hold certain documents confidential, and to discuss certain documents in a non-public session.
Your specific questions are restated as follows:
 1. Specifically, under Initiated Act 1 of 1990 as presently written, may the Commission attorney's draft opinions, advice, and/or draft guidelines (the working papers of the Commission's attorney) which do not necessarily reflect the official position of the Ethics Commission, be held confidential as quasi-judicial documents?
 2. Must discussions relevant to the Commission's official position on draft opinions and/or guidelines, be held in open, public session? If the answer is "yes", are there other provisions in Arkansas law which would provide authority for the Commission to hold non-public discussions on documents such as draft opinions, guidelines, and/or working papers of the Commission's attorney, which could be considered quasi-judicial?
The powers and duties of the Ethics Commission are set out at A.C.A. §§ 7-6-217 and 7-6-218. Those subsections do not contain any confidentiality requirements. Therefore, your questions are governed generally by the provisions of the Arkansas Freedom of Information Act, ("FOIA"), codified at A.C.A. § 25-19-101 etseq.
In response to your first question, there is an exception to the disclosure requirements of the FOIA which excludes "[u]npublished drafts of judicial or quasi-judicial opinions and decisions." A.C.A. § 25-19-105 (b)(5). It is my opinion that actual drafts of advisory opinions prepared by the Ethics Commission attorney under the authority of A.C.A. § 7-6-217(h)(1), can be classified as "[u]npublished drafts of . . . quasi-judicial opinions", and are thus exempted from the disclosure requirements of the FOIA. Other courts have referred to the issuance of similar advisory opinions as "quasi-judicial" in nature. See generally,Buckley v. Valeo, 519 F.2d 821 (1975), aff'd Buckley v.Valeo, 424 U.S. 1 (1976), and Virginia Attorney General Opinion, 1986/87 Rep. A.G. 1.
It should be noted, however, that this exception does not extend to "advice" or "draft guidelines" or any other type of "working papers" of the Commission attorney. Unpublished memoranda, working papers, and correspondence of the Arkansas Ethics Commission are not exempted under the Arkansas FOIA.
Your second question asks whether "discussions" relevant to the commission's official position on draft opinions and/or guidelines must be held in public session. If the "discussions" constitute a "public meeting", it is my opinion that the answer to your question is "yes", the "discussions" must be held in public. The FOIA requires even "informal" meetings of governing bodies to be held publicly, (A.C.A. § 25-19-106(a)), and the requirement extends even though only some of the members of the Commission are present. See e.g. Mayor or El Dorado v. ElDorado Broadcasting Co., 260 Ark. 821, 544 S.W.2d 206 (1976), and Attorney General Opinion No. 84-207.
In response to the second part of your second question, we have found no other provisions of Arkansas law which could provide authority for the Commission to hold non-public discussions on these matters.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb